**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1040-20

R.A.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND
HEALTH SERVICES,

     Respondent-Respondent.

_____

Submitted December 13, 2021 – Decided December 22, 2021

Before Judges Fasciale and Vernoia.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

Bratton Law Group, attorneys for appellant (Brittany Tedesco, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, Deputy Attorney General, on the brief).

PER CURIAM

R.A. appeals from a November 2, 2020 final agency decision by the New Jersey Department of Human Services, Division of Medical Assistance and Health Services (Division), denying her untimely request for a hearing. The Division denied R.A.'s Medicaid benefits application after she repeatedly failed to provide the necessary verifications to establish eligibility for Medicaid benefits. R.A. requested a hearing 273 days from the date of the denial, well beyond the twenty-day deadline. We affirm.

On January 31, 2019, R.A. filed an application with the Division seeking a determination for Medicaid benefits under the Aged, Blind, and Disabled Program. The Division initially denied R.A.'s application on December 11, 2019. After R.A. provided some, but not all required materials, the Division again denied her application on January 22, 2020, effective February 1. R.A. was required to file her request for a hearing twenty days later. Instead, R.A. requested an administrative hearing on October 30, 2020. The Division then denied her request because the deadline expired.

On appeal, R.A. argues the Division failed to process her application for Medicaid benefits. On the timeliness of her request for the hearing, R.A.

A-1040-20

contends that the Division did not give her proper notice of the denial of benefits, and that it improperly rejected her request for a hearing.

At the outset, we note the question is not whether the Division failed to process her application; it is whether R.A. made a timely request for a hearing. Thus, the issue on appeal is whether the Division correctly denied her request for a hearing when it determined that the request was made after the twenty-day deadline. Our standard of review is well-settled.

"Appellate review of an agency's determination is limited in scope." K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 160 (App. Div. 2018) (quoting Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)). We are bound to uphold the administrative agency decision "unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). "In administrative law, the overarching informative principle guiding appellate review requires that courts defer to the specialized or technical expertise of the agency charged with administration of a regulatory system." Ibid. The burden of demonstrating arbitrary, capricious, or unreasonable agency action rests on

the party opposing the agency's action. See E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 349 (App. Div. 2010).

Under the applicable regulations, if an applicant is denied Medicaid benefits, "[i]t is the right of every applicant . . . to be afforded the opportunity for a fair hearing in the manner established by the policies and procedures set forth in N.J.A.C. 10:49-10 and 10:69-6." N.J.A.C. 10:71-8.4(a). Applicants have the right to fair hearings when their claims "are denied or are not acted upon with reasonable promptness." N.J.A.C. 10:49-10.3(b). Requests for fair hearings must be submitted to the Division in writing within twenty days of the date of the notice of a denial, reduction, or partial denial of Medicaid benefits. N.J.A.C. 10:49-10.3(b)(1), (3).

On December 11, 2019, the Division issued a letter initially denying R.A.'s application under N.J.A.C. 10:71-2.2(e)(2) (permitting the denial for failure to assist by not providing requested documentation). After R.A. received the denial letter, she sent to the Division some of the requested information. The Division, again, denied R.A.'s application because R.A. failed to provide materials such as a copy of her social security card and her spouse's death certificate. On January 22, 2020, the Division sent the second denial letter:

> You have the right to request a fair hearing on this action. You must request a fair hearing within [twenty]

4

days of the date of this letter. If you have been receiving Medicaid benefits and request a fair hearing within the [twenty]-day period, your Medicaid benefits may continue until a hearing decision is reached so long as you remain eligible in all other respects. However, if the fair hearing decision is not in your favor, you may be required to repay any Medicaid benefits to which you were not entitled.

Based on this letter, R.A. had until February 21, 2020 to request a fair hearing. Rather than requesting the hearing, on January 31, 2020, R.A. sent additional information to the Division, but did not include all the requested documentation. Without requesting the hearing, R.A. sent follow-up emails requesting a status update of her denied application. On October 14, 2020, an administrator from the Camden County Board of Social Services reminded R.A. that the application had been denied in January 2020 and indicated R.A. would need to submit a new application. R.A. then made the untimely fair hearing request on October 30, 2020. The Division denied the request because R.A. made it 273 days after the Division issued the denial letter.

We reject R.A.'s contentions that the denial letters were ambiguous and that she did not receive notice of her application's denial until October 14, 2020. The January 22, 2020 letter stated that the Division denied her application and she must request a fair hearing to challenge the denial within twenty days of the letter's effective date. Accordingly, her request for a fair hearing was untimely,

and the Division's denial of her request was neither arbitrary, capricious, or unreasonable.  In re Virtua-West Jersey Hosp., 194 N.J. at 422.

To the extent we have not addressed any remaining contentions, we conclude that they are without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1040-20